UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Ijeoma C.,

      Petitioner,

v.

Pamela Bondi, *U.S. Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *U.S. Immigration and Customs Enforcement Acting Director*; Marco Charles, *Enforcement and Removal Operations, Acting Executive Director*; Eric Klang, *Sheriff, Crow Wing County Jail*,

      Respondents.

File No. 25-CV-4770 (JMB/ECW)

**ORDER**

---

Kenneth U. Udoibok, Kenneth Ubong Udoibok, P.A., for Ijeonma C.

Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and Marco Charles.

---

This matter is before the Court on Petitioner Ijeoma C.'s Petition for Writ of Habeas Corpus against Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, Marco Charles, and Eric Klang. (Doc. No. 1.)[1] For the reasons explained below, the Court denies the Petition.[2]

---

[1] The Court refers to Petitioner by first name and initial pursuant to District policy.

[2] Respondents also answer portions of Ijeoma C.'s Motion for Temporary Restraining Order and Preliminary Injunction; however, the Court already granted the motion in part and "denie[d] all remaining relief that was requested." (Doc. No. 8 at 1.) Therefore, the Court does not address the arguments regarding that motion.

1

## FINDINGS OF FACT

1. Ijeoma C. is a citizen and national of Nigeria who entered the United States lawfully in 2017 with a B-2 Visa. (Doc. No. 1 ¶ 15; Doc. No. 11 at 2; *see also* Doc. No. 1 ¶¶ 1, 2.) She is the sole caregiver for her child, a United States citizen. (Doc. No. 1 ¶ 17.)

2. While residing in the United States Ijeoma C. filed various petitions and applications with United States Citizenship and Immigration Services (USCIS), some of which were approved. (Doc. No. 11 at 2–3.)

3. On April 19, 2023, Ijeoma C. was convicted in federal court for Conspiracy to Commit International Money Laundering. (Doc. No. 1 ¶ 1.)

4. In connection with her conviction, she provided substantial assistance to the Government and, as a result, is in danger of retaliation from individuals engaged in fraud schemes who have threatened to kill her if she returns to Nigeria. (*Id.* ¶ 2.)

5. On June 20, 2024, USCIS approved Ijeoma C.'s I-131 Application for Travel Documents and Parole Documents, and her form I-765 Application for Employment Authorization, for a period of five years. (Doc. No. 12 ¶ 15.)

6. On December 4, 2025, United States Immigration and Customs Enforcement (ICE) arrested Ijeoma C. due to her prior conviction for money laundering. (*Id.* ¶ 20.)

7. While ICE was processing Ijeoma C. for a Final Administrative Order of Removal, Ijeoma C. requested asylum. (*Id.*)

8. On December 22, 2025, the Department of Homeland Security issued a Final Administrative Removal Order for her deportation to Nigeria, notwithstanding her pending asylum application. (Doc. No. 1-3; Doc. No. 12 ¶ 21.)

9.      Ijeoma C. filed her Petition on December 23, 2025, which was assigned to the undersigned on December 29, 2025. (Doc. Nos. 1, 2.)

10.     On December 29, 2025, the Court ordered Respondents to respond to each count of the Petition by January 5, 2025 at 11:00 AM, and noted that while Ijeoma C's Petition requested injunctive relief, no Temporary Restraining Order (TRO) or Preliminary Injunction (PI) had been filed and therefore instructed that if Petitioner was intending to file a TRO or PI then they must do so by December 30, 2025. (Doc. No. 3.)

11.     On December 30, 2025, Ijeoma C. filed a Motion for a TRO and PI (Doc. No. 4), which the Court granted on the same day to the extent she requested an order prohibiting Respondents from transferring her out of the District of Minnesota while her Petition remained pending. (Doc. No. 8.)[3]

12.     Respondents filed a Motion for Extension of time on January 5, 2025, to be able to file their Response later in the day, which the Court granted. (Doc. Nos. 9, 10.) Respondents then timely responded. (Doc. No. 11.)

## DISCUSSION

Ijeoma C. raises several challenges to the legality of her detention and to the execution of her removal order.[4] (Doc. No. 1 ¶ 26; *see generally* Doc. No. 1.) For the

---

[3] Respondents mistakenly state that the Court "sua sponte granted the Petition in part by prohibiting Respondents from transferring Ijeoma C. outside of the District of Minnesota." (Doc. No. 11 at 4.) To be clear, the TRO and Petition each contained separate requests for an immediate order prohibiting transfer of Ijeoma C., and the Court granted Ijeoma C.'s TRO in part. (Doc. No. 8.)

[4] The Court only addresses Ijeoma C.'s challenges to the legality of her detention. While she also argues about the significance of her other pending immigration applications and

3

reasons set forth below, the Court denies the Petition.

### A. Constitutional Guarantee of Habeas Review and Due Process

As a threshold matter, Congress has granted federal district courts "'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. § 2241(a), (c)(3)). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted); *See INS v. St. Cyr*, 533 U.S. 289, 305–06 (2001). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

### B. Petitioner's Current Post-Removal Detention

Since a final order of removal has been entered, Ijeoma C. is currently in mandatory detention pursuant to 8 U.S.C. § 1231. The statute first provides that "when a[] [noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). Detention under

---

being ordered removed, these arguments do not directly challenge her detention. Judicial review of an order of removal is limited exclusively to the appropriate court of appeals, 8 U.S.C. § 1252(a)(5), and this Court does not have jurisdiction "to hear any cause or claim by or on behalf of any [noncitizen] arising from the decision or action by the Attorney General to . . . execute removal orders against any [noncitizen] under this chapter," 8 U.S.C. § 1252(g).

this statute is mandatory. 8 U.S.C. § 1231(a)(2)(A) (stating that "[d]uring the removal period, the Attorney General *shall detain* the [noncitizen]" (emphasis added)). Ijeoma C. argues that her current detention violates due process, and that Respondents will not be able to remove her within a reasonable period of time because Nigeria has not agreed to accept her and because her removal would be invalid due to her pending immigration applications. (Doc. No. 1 ¶¶ 38–42.) These arguments are premature. While indefinite detention under this statute violates due process, a six-month detention is presumptively constitutional. *See Zadvydas v. Davis*, 533 U.S. 678, 699-701 (2001). Ijeoma C. has been detained around three weeks since her final order of removal, which is within both the 90-day removal period set out by Congress and the six-month time period of presumptively constitutional detention set out in *Zadvydas*. *Id.* Therefore, this claim is not ripe for the Court's review.

      **C.**    **Petitioner's Initial Pre-Removal Detention**

Ijeoma C. also argues that her initial detention—before a final order of removal was entered—violated the Fifth Amendment's Due Process Clause because she was entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a). (Doc. No. 1 ¶ 30.) Respondents assert that because of Ijeoma C.'s prior conviction for money laundering, she was not entitled to a bond hearing and was subject to mandatory detention pursuant to 8 U.S.C. § 1226(c). The Court agrees that the plain language of section 1226(c) applies to Ijeoma C.

Detention under section 1226(a) entitles one to a bond hearing "except" as provided in subsection (c). 8 U.S.C. § 1226(a). Section 1226(c) refers to the detention of criminal noncitizens and includes those who have been deemed deportable by having committed

5

any offense covered in section 1227(a)(2)(A)(iii). 8 U.S.C. § 1226(c)(1)(B). Section 1227 makes a noncitizen "deportable" if they commit, in relevant part, an aggravated felony. 8 U.S.C. § 1227(a)(2)(A)(iii). Ijeoma C.'s money laundering conviction qualifies as an aggravated felony under this statute. 8 U.S.C. § 1101(a)(43)(D); (Doc. No. 12-1 at 2.) Noncitizens detained under section 1226(c) are subject to mandatory detention. *See Baynee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024); *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018) (quoting 8 U.S.C. § 1226(a) and reading it together with § 1226(c)). The Court determines that Ijeoma C.'s detention pending entry of removal was therefore mandatory pursuant to section 1226(c), and she was not entitled to a bond hearing.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Ijeoma C.'s Petition for a Writ of Habeas Corpus (Doc. No. 1) is DENIED; and

2. This action is DISMISSED WITHOUT PREJUDICE.

3. The Court STAYS this judgment pending any future Notice of Appeal and resolution of such appeal.

4. The Court's previously ordered injunctive relief enjoining Respondents from transferring Petitioner out of the District REMAINS IN EFFECT through the time to file a Notice of Appeal of this Order, and if Petitioner appeals, through resolution of appeal.[5] Alternatively, Petitioner may also seek release pending

---

[5] The Court also determines that a bond pending appeal is not necessary because the Petition seeks to prevent constitutional deprivations and because Respondents face no identifiable risk of monetary loss. A bond is also not necessary because this matter is closely associated with important public interests. *See, e.g.*, *Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs*, 826 F.3d 1030, 1043 (8th Cir. 2016).

appeal by filing a formal motion for release with or without surety pursuant to Federal Rule of Appellate Procedure 23(b).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 13, 2026                    /s/ *Jeffrey M. Bryan*
                                           Judge Jeffrey M. Bryan
                                           United States District Court